[No. 11364.   Department Two. — May 31, 1888.]

GEORGE D. SHADBURNE, RESPONDENT, v. ANNIE E. DALY, APPELLANT.

PRACTICE — APPEAL — BILL OF EXCEPTIONS — ERRORS OF LAW — SPECIFI-CATION OF PARTICULARS. — Where an appeal is taken on a bill of excep-tions, errors of law occurring at the trial may be reviewed, although no specification of the particular errors of law on which the appellant relies is contained in the bill.

ID. — AMENDING ANSWER — REFUSAL WHEN NOT ERROR. — The refusal of leave to file an amended answer is not error, when the motion therefor is made on the eve of the trial, and the jury is in attendance; and espe-cially is this so when the case is afterwards tried as if all the matters set forth in the amended answer were pleaded.

EVIDENCE — QUESTION INVOLVING LEGAL OPINION. — A question calling for the opinion of a witness upon a legal proposition, which erroneously pro-ceeds upon the supposition that the law is as stated in the question, is properly refused.

CONSIDERATION — PROMISE TO PAY DEBT OF ANOTHER — FORBEARANCE. — Forbearance by a creditor to present a claim to the executor of the will of a deceased person is not a consideration for a promise on the part of the widow of the testator to pay such claim, unless there was an agree-ment for forbearance.

ID. — BAR OF ORIGINAL CLAIM. — In an action on a written promise to pay a claim against a third person, the question whether the claim was barred as against such third person prior to the execution of the written prom-ise is immaterial.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*E. W. McGraw*, for Appellant.

*George D. Shadburne, in pro. per.*, for Respondent.

THORNTON, J.—This action was brought against the defendant as drawer of an order of which the following is a copy:—

"$315.                    SAN FRANCISCO, August 8, 1885.

"WILLIAM YOUNGER: Please pay William A. Plunkett, or order, the sum $315, and charge the same to my account.                    "ANNIE E. DALY."

This order was on the 10th of August, 1885, indorsed by Plunkett to plaintiff.

The order was presented to Younger, who refused to accept it, of which defendant was duly notified.

The point is made by the respondent that the bill of exceptions contains "*no specification of particulars*," and should, therefore, be disregarded. We find no defect in this regard in the bill. No point is made by appellant as to the insufficiency of the evidence to sustain the verdict, and therefore no specification of the particulars in which such evidence is insufficient is required.

No specification of the particular errors of law on which the appellant will rely is made in her bill. But while this is required in a statement of the case (Code Civ. Proc., sec. 659, subd. 3), it is not in a bill of exceptions. (Code Civ. Proc., sec. 650.) The point of respondent, therefore, is not tenable.

We have examined the testimony given in the case on behalf of the plaintiff, and are of opinion that defendant's motion for a nonsuit was properly denied. There was some evidence on each point on which defendant based her motion.

The court did not err in refusing to the defendant. leave to file an amended answer. The motion for leave was made on the eve of the trial, when a jury was in attendance. Moreover, we cannot perceive that defendant was injured by the refusal. The cause was tried as if all the matters set forth in the amended answer were pleaded. Counsel for appellant urges nothing to the contrary of this. He states in his points that "the amended

answer did not materially change the issues, but tendered them in more proper legal form, bringing the defense directly under" certain sections of the Civil Code, the numbers of which he gives.

W. A. Plunkett, assignor of plaintiff, was attorney for George Daly, the husband of defendant, in certain proceedings in bankruptcy, prosecuted under the United States bankruptcy act of March 2, 1867. Daly's petition in bankruptcy was filed on the 14th of March, 1873. After the commencement of the proceedings, two actions were commenced against Daly, one by Goodwin & Co., for furniture, and the other by Frank G. Edwards, for carpets. The suit of Goodwin & Co. was commenced on the 15th of March, 1873, in the third district court. The suit of Edwards was commenced in the same court on the 27th of March, 1873. In the suit of Goodwin & Co., the plaintiffs attached the furniture for the price of which they were suing. Under Plunkett's advice Daly filed no answer in either of the cases. Undertakings were given to release the property attached, and the causes proceeded, it would seem, to judgment. Plunkett testified that he told Daly not to answer, as he could not do so without committing perjury. After obtaining the judgments, the plaintiffs tried to enforce them, and Plunkett commenced a suit in equity in the United States district court, asking for a restraining order. A restraining order was procured in the action, and some days later a perpetual injunction was had restraining the enforcement of the judgments. The plaintiffs were thus defeated, and the furniture was set aside to Daly in the bankruptcy proceedings.

The order on which this action was brought was given to Plunkett in payment of fees for professional services rendered by him to George Daly in the injunction suit above mentioned, and some other suits,—including Daly's application in bankruptcy. There was evidence tending to show that the defendant (Mrs. Daly) assumed

the payment of this claim against George Daly, in consideration that Plunkett would not present his claim for these services against Daly's estate, Daly having died in 1881, leaving an estate amounting to one hundred and fifty-nine thousand dollars.

On cross-examination of Plunkett, who was called by plaintiff at the trial of the cause, the following question was put to him by attorney for defendant:—

"Were you aware, as an attorney, at the time you advised Mr. Daly that he could not answer the Goodwin and Edwards suits without committing perjury, that he might have put in answers setting up the adjudication in bankruptcy, and that would have ended the suits?"

The adjudication in bankruptcy referred to in the interrogatory just quoted was the adjudication of Daly, a bankrupt; and inasmuch as the setting up such adjudication in bankruptcy would not have put an end to the suits, but only stayed them provisionally under section 21 of the United States bankrupt act (see Stats. at Large, sec. 14, p. 526), we see no error in the ruling of the court. It will be seen on examination of this section that the suit will, "upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." If the witness had answered the question in the affirmative, it would not have been in accordance with the act, for such a course would not have put an end to the suits; if he had answered it in the negative, it would not have shown ignorance, but acquaintance with the act. And as the showing would not have put an end to the suits, we cannot see that the court erred in not allowing the question.

The defendant asked the court to instruct the jury:—

"Forbearance by a creditor to present a claim to the executor of a will of a deceased person is not considera-

tion for a promise on the part of the widow of the testator to pay such claim against him, unless there was an agreement for forbearance."

In such a case as this, there must be a consideration to sustain the promise. It is urged herein that the forbearance by the creditor to present his claim against the estate of the deceased and actual forbearance is a sufficient consideration, and that in consideration of the forbearance by Plunkett to present his claim against the estate of George Daly, the defendant, his widow, agreed to become responsible for it. We cannot see how it became a consideration unless the minds of the parties met on an agreement for such forbearance.

There must not only be an agreement to forbear, but actual forbearance. (*Robinson* v. *Gould*, 11 Cush. 55.) The mere forbearance to sue is not a sufficient consideration for a promise to pay the debt of another. (*Mecorney* v. *Stanley*, 8 Cush. 85.) So here the mere forbearance by Plunkett to present and pursue the claim, there being no agreement to that effect, would not be a consideration sufficient to support a promise by the defendant to pay the claim.

The court, therefore, erred in refusing the instruction above quoted.

We have examined the various other points, and find no error in them.

We wish to say that in our opinion the question whether the cause of action against George Daly was barred prior to his death is not a material one in the action on the promise of the defendant, and that we do not find in the cause anything tending to show fraud or undue influence by respondent over appellant.

For the error above pointed out, the judgment is reversed, and the cause remanded for a new trial.

So ordered.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.