[No. 12510. In Bank. — January 4, 1891.]

## DON F. MILLER, APPELLANT, v. ELIZABETH WADE ET AL., RESPONDENTS.

NONSUIT—BILL OF EXCEPTIONS—SPECIFICATIONS OF ERROR—APPEAL.— On an appeal from a judgment of nonsuit, the ruling of the court in granting the nonsuit cannot be reviewed unless the bill of exceptions assigns or specifies the ruling of the court as error.

ID.—REVIEW OF EVIDENCE—TIME FOR APPEAL—CONSTRUCTION OF CODE. — The ruling on a motion for a nonsuit is a "decision," within the meaning of section 939 of the Code of Civil Procedure, and as the whole question depends upon the sufficiency of the evidence to sustain the decision of the trial court upon the motion, the appeal must be taken within sixty days, to be available for a review of the ruling.

ID.—REVIEW OF JUDGMENT OF NONSUIT—GROUNDS OF MOTION—WAIVER. — Where a nonsuit is granted, the decision of the trial court will be upheld, if the ruling can be justified on any ground, whether made a ground of the motion or not, and the fact that the record does not show the grounds upon which the motion was made, or that any grounds were assigned, will not justify a reversal of the judgment of nonsuit.

ID.—WAIVER OF GROUNDS OF MOTION. — An appellant whose motion for nonsuit is denied must show that he pointed out to the court below the grounds of his motion, and any ground not there urged is waived; but this rule can have no application where the decision is in favor of the moving party.

APPEAL from a judgment of the Superior Court of Alameda County granting a motion for a nonsuit.

The facts are stated in the opinion of the court.

*W. W. Allen,* and *D. L. Smoot,* for Appellant.

*George F. Hoeffer,* and *Moore & Reed,* for Respondents.

WORKS, J.—This is an appeal by the plaintiff from a judgment of nonsuit. There is a bill of exceptions, which contains the evidence, and from which it appears that a nonsuit was granted; but the ruling of the court is not assigned or specified as error. Such an assignment has been held to be necessary to present the question to this court. (*Schroeder* v. *Schmidt,* 74 Cal. 459; see also *Polack* v. *Gurnee,* 66 Cal. 267; *Malone* v. *County of Del Norte,* 77 Cal. 217.)

The assignment of error is the pleading which points out the particular question raised and passed upon in the court below, and presented to this court for review. The bill of exceptions is intended to present the facts and the exception which sustains the point made, and thus reserved for our determination. (*Pico* v. *Cohn*, 78 Cal. 385.) If this were not so, this court would be compelled, instead of looking to the assignment of errors for the questions presented, to search the whole transcript to find them; opposing counsel would have no means of knowing what points would be relied upon, until the briefs were filed in this court, and questions could be urged here that had never been called to the attention of the court below on a motion for a new trial. A different rule was declared in one case, in Department, in which a distinction is made between a statement and a bill of exceptions in this respect. (*Shadburn* v. *Daly*, 76 Cal. 355.) It is true, as said in that case, that the statute applies, in terms, to statements only, but this court has held, in a number of cases, that a statement and a bill of exceptions are the same; and where a bill of exceptions is used on a motion for a new trial, and is thereby made to take the place of the statement, it must contain everything necessary to present the question by a statement. Undoubtedly a bill of exceptions might be used where a statement might not be proper, and in many cases no specification of error would be necessary. But where a bill of exceptions is used as the basis of a motion for a new trial, it is a statement. The court below has a right under the code to have specifically pointed out all errors relied upon in making the motion, and this court can only be called upon to pass upon such questions as have thus been specified and relied upon in the trial court.

That such was the intention of the code we have no doubt, and it is absolutely necessary that it should be so, in order that cases may be fairly presented and properly decided. The same rule must prevail in any case where

the error to be reviewed depends upon the evidence given at the trial, whether it is necessary to present the error complained of by a motion for a new trial or not. The policy of the law is, that a question should be presented to the court below, and an opportunity be given to that court to correct the error, if one has been committed, before appealing to this court.

It is further contended by the respondent, that as the determination of the question whether or not the nonsuit was properly granted depends entirely upon the sufficiency of the evidence to make out the plaintiff's case, the appeal must have been taken within sixty days, and as this appeal was not taken within that time, it was too late.

Section 939 of the Code of Civil Procedure provides: "But an exception to the *decision* or verdict, on the ground that it is *not supported by the evidence,* cannot be reviewed on an appeal from the judgment, *unless the appeal is taken within sixty days* after the rendition of the judgment."

We think the ruling on the motion for a nonsuit was a *decision* within the meaning of this section, and although the ruling, if erroneous, has been held to be an error of law, the whole question depends, in this court, upon the sufficiency of the evidence to sustain the decision of the trial court. The appeal must be taken within sixty days to be available.

The appellant contends that the judgment of nonsuit cannot be upheld in this case, because the record does not show the grounds upon which the motion was made, or that any grounds were assigned. This would be so if the nonsuit had been denied, and the defendant had appealed. But it is not so where the nonsuit was granted. The decision of the trial court will be upheld where the nonsuit is granted, if the ruling can be justified on any ground, whether made a ground of the motion or not. The reason for this is, that the moving party must show error on appeal, and in order to sustain an appeal in this

class of cases, he must show that he pointed out to the court below the grounds of his motion.

If he did not, the objection is waived. But this rule cannot apply where the motion is granted, as the doctrine of waiver can have no application where the decision is in favor of the moving party.

But notwithstanding our conclusion that the question is not properly presented, we have examined the evidence carefully, and are satisfied that the evidence of the plaintiff was entirely insufficient to make out his case, or to put the defendant upon her proof.

Judgment affirmed.

SHARPSTEIN, J., and FOX, J., concurred.

PATERSON, J., and McFARLAND, J.—We concur in the judgment, on the ground last stated. The decision of the Department in *Shadburn* v. *Daly*, 76 Cal. 355, is correct, in our opinion, and should be adhered to.

DE HAVEN, J., and THORNTON, J., dissented.