### Hamilton *v.* Lusk.

Where the action is by vendee against vendor on covenants of warranty in the deed, and the breach alleged is eviction, the breach is not established by evidence that a prior vendor executed upon the same day two deeds covering the premises, one a conveyance in fee to the defendant, and the other a mortgage passing legal title to other persons with a power of sale in the mortgage, which power has been exercised, there being no extrinsic evidence as to which of the two conflicting deeds was first executed, or that the purchaser at the mortgage sale has ever asserted his title against the present plaintiff, the premises being still vacant and none of the persons connected with the title having, so far as appears, ever entered into actual possession.

January 11, 1892.

Vendor and purchaser. Deed. Mortgage. Breach of warranty. Before Judge Hutchins. Clarke superior court. April term, 1891.

Lusk sued Hamilton for $4,100, alleging that on February 7, 1887, Hamilton executed to him a warranty deed to certain land in Jefferson county, Alabama (describing it), that he was evicted therefrom on October 28, 1888, and that Hamilton refuses to indemnify him for his damages in that behalf. The plaintiff obtained a verdict for $4,000, and the defendant's motion on the general grounds for a new trial was denied. The evidence showed that on December 14, 1886, Burnett conveyed the land to Hamilton by warranty deed in consideration

of $1,950, and on the same day made a mortgage on it
to Huey. These conveyances were filed for registration
on the same day and were recorded in the same volume of
records, the date of the record of the mortgage not ap-
pearing. It was given to secure certain notes, and stipu-
lated that if the mortgagor failed to pay them, the
mortgagee or his assigns might take possession of the
property, and after giving thirty days' notice by adver-
tisement, might sell the same at the court-house door of
Jefferson county, Alabama, to the highest bidder for
cash, and devote the proceeds to paying the expenses of
the sale and the amount due on the notes, any surplus
to go to the mortgagors. On February 14, 1887, Hamil-
ton made to Lusk, in consideration of a tenth interest in
a mine (valued at $2,500) and $830, a warranty deed cov-
enanting that he was lawfully seized in fee simple of the
premises, that they were free from all incumbrances,
and that he had a good right to sell and convey the
same. On October 29, 1888, a deed was made by Seixas
to Letchford to the property, reciting the giving of the
mortgage, transfer and assignment of the mortgage and
notes by Huey to Seixas, default in payment of the
notes, due and legal notice by advertisement of the
place and terms of sale, and sale at public outcry at
twelve o'clock M., October 29, 1888, at the court-house
door of Jefferson county, Ala., to Letchford, the highest
and best bidder, for $3,187. Lusk testified that at the
time he bought the land he and the defendant lived in
Birmingham, Ala.; that he knew it was unimproved
land, and he does not know that he ever saw it, or
whether any one is in possession, but he paid for it,
took the deed and never realized anything on the trans-
action; that he never received a dollar from the sale of
it; and that he did not know anything of the existence
of the mortgage and never heard of it until the land
was advertised for sale.

J. J. BANKS, SYLVANUS MORRIS and FRANK S. WHITE, for plaintiff in error.

ALEX. S. ERWIN, *contra.*

BLECKLEY, Chief Justice.

When two deeds or other instruments bearing the same date and executed by the same person would be consistent with each other if executed in one order of time, but inconsistent if executed in another order, the presumption is that they were in fact executed in that order which makes for their consistency. But in the case before us, the mortgage and the deed of absolute conveyance of the same date, both made by Burnett and covering the same premises, are inconsistent, no matter which was first executed. By the laws of Alabama, the mortgage as well as the deed would pass the title and legal seisin. The mortgage contains a warranty against incumbrances and against any adverse claim. The deed warrants that the vendor is lawfully seized of the premises in fee simple; that they are free from all incumbrances; that he has a good right to sell and convey; and that he, his heirs, etc., will defend the title forever against the lawful claims of all persons. Under such warranties as these we see not how any presumption can arise that the deed was executed after the mortgage. Each of the instruments absolutely ignores the other, and their coexistence is irreconcilable upon any theory which would screen the maker against the imputation of having done a wrongful act. Had he by the deed conveyed only an equity of redemption in the premises, this would have been consistent with the mortgage; but he conveys the absolute fee, and backs his conveyance with all the warranties usually relied upon by purchasers for assurance of clear and unincumbered title. Under these circumstances we see no reason for presuming that the rightful instrument was the mortgage and the wrongful one the deed, and we

are sure no such presumption can be raised and then extended so as to make it establish an eviction of one who is not a direct party to either of the instruments, and whose right of action, if any, does not arise upon either of them, but upon warranties contained in another deed made by the vendee to whom the deed in question was executed and delivered. This action is by Lusk against Hamilton. Hamilton has made but one deed—that which conveys the premises to Lusk. Lusk complains that he has been evicted, and claims as damages his purchase money and interest thereon. The evidence he submitted to prove eviction was only that Hamilton's vendor, Burnett, executed a deed to Hamilton and a mortgage to another person on the same day, and that the mortgage conferred a power of sale on the mortgagee which was afterwards executed by making an actual sale and conveyance. The evidence indicates that the premises were vacant and have remained vacant. So far as appears, there is no obstacle to taking possession by Lusk. The purchaser at the mortgage sale has not entered, nor is there any evidence that he has ever asserted his title in any way adversely to Lusk. *Non constat* that he ever will. Lusk has no more surrendered or yielded to him than he has to Lusk. There is no better reason for treating Lusk as evicted by a sale under the mortgage than for treating the mortgagee or his vendee as evicted by the sale which Hamilton made to Lusk. The deed from the mortgagor to Hamilton being an absolute conveyance in fee simple, imported a power of sale in Hamilton no less than the express power contained in the mortgage imported a power of sale in the mortgagee. Two sales have been made, and if the purchaser at one is to be considered as evicted, the purchaser at the other ought to be considered as evicted too. But what we hold is, that if by the law of Alabama, or any other law, a mere sale in pursuance of a power

embraced in a mortgage will work an eviction, it must affirmatively appear that the mortgage, by reason of priority of execution or for some other cause, passed the better title; in other words, that a sale under the power invested the purchaser with title paramount. This would be the least which would suffice; and we do not say even that would in the absence of anything showing that the purchaser had asserted his title or that the person claiming to be evicted had done anything in the nature of yielding to such purchaser before bringing his action. Of course, what we have said applies only to the breach of covenant alleged in the plaintiff's declaration. We need not consider how much less evidence would serve to support an action alleging a breach of the covenant of seisin or of the covenant against incumbrances. These covenants are contained in the deed from Hamilton to Lusk, but the breach complained of is eviction, not want of seisin nor the existence of outstanding incumbrances. We are inclined to think, however, that the mere identity of date in the mortgage and the deed would be as insufficient to establish against Hamilton the want of seisin, or the outstanding of an incumbrance, as to show that Lusk, his vendee, has been evicted under title paramount. The burden of proof being always upon the plaintiff to make out his case, it is manifest that the evidence was insufficient to prove an eviction or to warrant a recovery of the purchase money and interest. The court erred in overruling the motion for a new trial. *Judgment reversed.*