[18047.  Department Two.—June 3, 1893.]

## JOHN C. DAVIS, RESPONDENT, v. HONEY LAKE WATER COMPANY, APPELLANT.

DEMURRER TO COMPLAINT—IMPROPER ORDER STRIKING DEMURRER FROM FILES—JUDGMENT BY DEFAULT—REVERSAL UPON APPEAL. — Where the summons is served on the defendant in another county than that in which the action is brought, a demurrer filed within thirty days after the service of the summons cannot be properly stricken from the files, whether it has been served or not, and an order striking such demurrer from the files and entering judgment by default will be reversed upon appeal from such judgment.

ID.—WANT OF SERVICE OF DEMURRER—GROUNDS OF STRIKING OUT—CONSTRUCTION OF CODE.—A demurrer cannot be stricken out for want of proof of service, if filed in time, and the only other possible grounds of striking out such a demurrer is the insertion of irrelevant and redundant matter in it as a pleading under section 453 of the Code of Civil Procedure, which cannot apply when it states only one or more of the grounds enumerated in section 430 of that code.

ID.—DEMURRER STRICKEN OUT—DATE OF FILING—JUDGMENT-ROLL—APPEAL FROM
JUDGMENT.—A demurrer stricken out constitutes part of the judgment-roll, as
a pleading, and can be looked to to ascertain when it was filed upon appeal
from a judgment rendered by default.
ID.—ORDER DEEMED EXCEPTED TO.—An order striking out a demurrer is deemed
excepted to.

APPEAL from a judgment of the Superior Court of Lassen
County.

The facts are stated in the opinion of the court.

*Olney, Chickering & Thomas, Chickering, Thomas & Gregory,*
and *Goodwin & Dodge,* for Appellant.

*A. L. Shinn,* for Respondent.

VANCLIEF, C.—The complaint consists of three counts,
each for the recovery of a specific sum of money on an alleged
distinct cause of action.

The action was commenced in the county of Lassen, and the
summons was served on the defendant in the city and county
of San Francisco on the twenty-ninth day of August, 1891.

On the twenty-eighth day of September, 1891, the defend-
ant filed a demurrer to the complaint on the grounds of mis-
joinder of causes of action, and that the complaint does not
state facts sufficient to constitute a cause of action against the
defendant. On November 3, 1891, on motion of plaintiff's
attorney, the court ordered that the demurrer be "stricken from
the files of the court, for the reason that it had not been filed
in time." On November 4, 1891, the default of the defendant
was entered, and judgment rendered in favor of plaintiff for
the full sum demanded, viz., four thousand five hundred and
eighty-nine dollars. This appeal is from the judgment, and
comes here upon the judgment-roll alone. The roll contains a
copy of the demurrer indorsed filed by the clerk as above stated,
and shows no other disposition of it than the order striking it
from the files. The appellant's counsel contend that the court
erred in thus disposing of the demurrer, and that defendant was
not thereby put in default; and, consequently, that the judg-
ment by default was unauthorized by law; and I think this
point should be sustained. A similar point was carefully con-

sidered and decided in the case of *Larco* v. *Casaneuava*, 30 Cal. 565, under section 50 of the Practice Act, which then read as follows : —

"Sham and irrelevant answers and defenses, and so much of any answer as may be irrelevant, redundant, and immaterial may be stricken out on motion."

The principal question as to the construction of that section was whether the word "defenses" included demurrers; and it was held that it did not. The corresponding provision of the Code of Civil Procedure omits the word "defenses," and reads as follows : —

"Sec. 453.   Sham and irrelevant answers, and irrelevant and redundant matter in a pleading may be stricken out."

In the part of this section relating to irrelevant and redundant matter, however, the word "pleading" is substituted for the word "answer" in the Practice Act. While there is no doubt that the word "pleading" includes demurrers, and that irrelevant and redundant matters may be inserted in demurrers, yet a demurrer stating only one or more of the grounds enumerated in section 430 of the Code of Civil Procedure, as in this case, contains nothing irrelevant and nothing redundant; nor is it claimed that it does. And since the record shows that the demurrer was filed within thirty days after the service of summons, it appears that the ground upon which it was stricken out, namely, that it "was not filed in time," is not true. But it is contended for respondent that inasmuch as the demurrer was stricken out, it constitutes no part of the judgment-roll, and therefore cannot be looked to for the purpose of ascertaining when it was filed. But notwithstanding the order striking it out, the demurrer was a pleading in the case, and therefore constitutes a part of the judgment-roll. (*Abbott* v. *Douglass*, 28 Cal. 296.) To the objection that the record shows no exception to the order striking out the demurrer, the answer is that the law deems that such an order was excepted to. (Code Civ. Proc., sec. 647.)

Finally, it is claimed that the demurrer may have been stricken out on the ground that it had not been served, since the record does not show whether it had been served or not; but the only other possible valid grounds are those stated in

section 453 of the Code of Civil Procedure, namely, the insertion in the demurrer of irrelevant or redundant matter, which, as above shown, is negatived by the record.

I think the judgment should be reversed, and the court below directed to restore the demurrer to the files, and to proceed to dispose of it according to its merits.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below is directed to restore the demurrer to the files and to proceed to dispose of it according to its merits.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.