## PRICE v. HUBBARD.

1. Covenants of general warranty or for quiet enjoyment are essentially and conclusively prospective.

2. Therefore in the absence of fraud or anything to overcome the presumption that the vendor of real property is able to respond in damages, a purchaser in possession under a deed with covenants of general warranty, who has neither been evicted nor disturbed in his possession or quiet enjoyment, cannot, by showing a mere defect in the title, defeat an action to recover a balance due on the purchase price.

(Syllabus by the Court. Opinion filed Dec. 21, 1895.)

Appeal from circuit conrt, Hughes county. Hon. LORING E. GAFFY, Judge.

Action for balance due on a contract for the purchase of land. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Albert Gunderson,* for appellant.

In the absence of fraud or mistake, a written contract of sale of land cannot be varied by proof of antecedent or contemporaneous verbal agreement as to what the vendor should do in consideration of the purchase. Custean v. St. Louis, 60 N. W. 425; Washabaugh v. Hall, 56 *Id.* 82; Hutchinson v. Cleary 55 *Id.* 729; Barnard v. Galloway 58 Ill. 565; 1 Greenleaf Evi. 211; Hei. v. Heller, 10 N. W. 620; Thompson v. Libby, 26 *Id.* 1. To submit a question of fraud to a jury to overturn a written instrument on slight parol evidence is error. Pennsylvania v. Shay, 82 Pa. St. 198; Juniata v. Hetzel, 103 Pa. St. 507. To direct a verdict for plaintiff against the positive evidence of the defendant is error. Sweet v. Railroad, 60 N. W. 77; Mattoon v. Railroad, *Id.* 740; Hoomann v. Sherin, *Id.* 145.

*Chas. H. Burke, Estes & Lambert,* and *John A. Holmes,* for respondent.

A recital in a deed may be explained. Smith v. Arthur, 15 S. E. 197; Barbee v. Barbee, 13 *Id.* 215. When a purchaser has gone into possession under a deed with covenants of warranty and remains in possession, he cannot defend against an action for the purchase money either at law or in equity on account of defect of title unless he further shows that he has yielded up possession to a paramount title, Heflin v. Phillips, 11 S. 729; Wilson v. Irish, 17 N. W. 511; Morgan v. Henderson, 8 Pac. 491; Hamilton v. Lusk, 15 S. E. 10; Cheney v. Strouble, 53 N. W. 479; Ferris v. Harshea, 17 Am. Dec. 782; Fitzhugh v. Croghan, 19 *Id.* 139; King v. Kehr, 22 *Id.* 777; Share v. Anderson, 10 *Id.* 421; Borden v. Markstrun, 25 N. W. 565.

FULLER, J.   This is an action to recover $1,150, alleged to be the balance due from defendant to plaintiff on account of the

sale of certain real estate, evidenced by a warranty deed executed and delivered by plaintiff to defendant on the 18th day of December, 1890, and in consideration of the sum of $2,500, and it is averred that no part thereof has been paid, except the sum of $1,350. Defendant admits the execution and delivery of the deed, and the payment of $1,350, which sum he seeks to recover from plaintiff by way of counterclaim for damages alleged to have been sustained by reason of a breach of the covenants of warranty contained in said deed. At the conclusion of the evidence, and upon motion of plaintif, a verdict in his favor for the full amount claimed was directed against the defendant, and this appeal is from a judgment entered accordingly, and from an order overruling a motion for a new trial. The assignments of error relate to the admission and rejection of evidence upon the trial, and to the court's refusal to direct a verdict for the defendant, and to the granting of plaintiff's motion for the direction of a verdict for the full amount claimed. The evidence is undisputed that $2,500 was the amount agreed upon, and that there is still due respondent from appellant, according to the terms of the contract, the amount for which the verdict was directed, unless it should be found that appellant was entitled to recover upon his counterclaim, in support of which the following proceeding to foreclose by advertisement a certain mortgage mentioned in the deed to the premises, which it is claimed was expected in the covenants of warranty, was offered and remained in evidence: Affidavit of the publication of notice of foreclosure sale, sheriff's affidavit of mortgage sale, auctioneer's affidavit of mortgage sale, and a sheriff's certificate of mortgage sale. No sheriff's deed appears to have been issued.

Appellant was never evicted, nor in any manner disturbed in his possession or quiet enjoyment under the deed from respondent. In the absence of fraud or anything to indicate that the vendee has sustained injury, or that the vendor is unable to respond in damages, a purchaser in possession cannot

defeat an action to recover a portion of the purchase price by showing the existence of some defect in the title. Heflin v. Phillips (Ala.) 11 South. 729. No breach of contract being alleged, the objection to the introduction of any evidence under the counterclaim should have been sustained, and as the testimony offered by the appellant, over respondent's objection, conclusively established the fact that no breach of the covenants of warranty existed, as a matter of law, it was not error to withdraw such evidence from the consideration of the jury and to direct a verdict for respondent. Morgan v. Henderson, (Wash. T.) 8 Pac. 491. In Wilson v. Irish, (Iowa) 17 N. W. 511, it was said that "the mere fact that a superior outstanding title to land existed which has never been hostilely contested would not authorize the recovery [from the vendor] of the consideration for such land," and from the headnote in Heflin v. Phillips, *supra*, we quote the following: "A purchaser of land who has gone into possession under a deed with covenants of warranty cannot successfully defend against an action for the balance of the purchase money, either at law or equity, unless he further shows that he has yielded up possession thereof to a paramount title." To the same effect, see Hamilton v. Lusk (Ga.) 15 S. E. 10; Cheney v. Straube (Neb.) 53 N. W. 479. "Covenants for general warranty or for quiet enjoyment are essentially and conclusively prospective, and cannot be broken without eviction." Fitzhugh v. Crogan, 19 Am. Dec. 139; Ferriss v. Harshea, 17 Am. Dec. 782.

Of the numerous alleged errors relating to the overruling of objections to the introduction of evidence, but one is relied upon and discussed in appellant's brief, and, while all have received merited attention, it would be unprofitable to extend this opinion by a discussion of the elementary rules of evidence under which all the evidence offered by respondent was clearly admissable. Finding no error in the record, the judgment of the court below is affirmed.