(December 7, 1899.)

## WARREN v. STODDART.

[59 Pac. 540.]

BILLS OF EXCEPTIONS—SPECIFICATIONS OF ERROR—Under the pro-
visions of sections 4426, 4428 and 4430 of the Revised Statutes,
a bill of exceptions is not required to contain a specification of
the errors relied on, unless the exception is to the verdict or
decision upon the ground of the insufficiency of the evidence to
sustain it. In that case, the bill of exceptions must specify the
particulars in which the evidence is not sufficient.

STATEMENT ON MOTION FOR A NEW TRIAL.—Under the provisions of
subdivision 3, section 4441, of the Revised Statutes, a statement
on motion for a new trial must specify the particular errors re-
lied on.

WHAT BILL OF EXCEPTIONS MUST CONTAIN.—Under the provisions
of section 4427 of the Revised Statutes an order striking out
a portion of a pleading is deemed excepted to and when· such
order, and the papers upon which it is made, are a part of the
records and files in the action; it need not be embodied in a bill

of exceptions, but may be reviewed on appeal as though settled in a bill of exceptions.

ATTORNEY'S FEES.—A stipulation, in a mortgage for an attorney fee, in case of suit brought, is valid, but should be enforced only for a reasonable fee.

SAME—HOW COURT TO DETERMINE WHAT IS A REASONABLE FEE.— The court, in determining what fee is reasonable, may take into consideration the amount actually paid or agreed to be paid, if any such agreement was entered into, also should take into consideration the importance of the suit, the amount involved, the nature and extent of the work and labor in the preparation and trial of the action and any other facts that would assist the court in arriving at a right conclusion as to what would be a reasonable fee.

SAME—WHEN FEE NOT ALLOWED.—No judgment should be allowed for attorney's fees, unless the attorney has or is entitled to receive it himself. No fee should be allowed of which the plaintiff is to receive a part.

DEFENSES.—*Held,* that the answer set up two separate defenses and that it was error to strike such defenses out.

SAME—TRANSFEREE—ASSIGNOR.—Where a promissory note payable "to order" is transferred without indorsement, the transferee acquires only the equitable title and can only recover subject to the defenses that were available against his assignors.

COVENANTS IN DEED.—The word "grant" when used in a conveyance by which an estate of inheritance is to be passed, is a covenant that the estate so conveyed is at the time of the execution thereof, free from encumbrances done, made or suffered by the grantor or any person claiming under him.

BREACH OF COVENANTS AGAINST ENCUMBRANCE.—There is a clear distinction between breaches of covenants of "warranty" and "quiet and peaceable enjoyment" and breaches of covenants against encumbrances.

SAME—REMEDY.—In cases of this kind the vendee may pay off the encumbrance and recoup the sum so paid against the amount due on the purchase price, but that is not his only remedy, as a defense on the ground of breach of covenant of encumbrance is sufficient to defeat an action for the recovery of the purchase price until such encumbrance be removed.

(Syllabus by the court.)

APPEAL from District Court, Canyon County.

Wyman & Wyman and Hugh E. McElroy, for Appellants.

Plaintiff having alleged title by written assignment from the payee to Simmons and the same being denied, in order to recover he must prove the title he has alleged. (14 Am. &

Eng. Ency. of Pl. & Pr. 504, note B.) Does the evidence sustain the finding of the court that the sum of $1,000 was a reasonable attorney's fee for the foreclosure of this mortgage? It is not alleged in the complaint that any expense whatever had been incurred in that behalf, and while plaintiff's witnesses testified that the sum allowed is a reasonable fee, they also testified that so far as they knew plaintiff had not agreed to pay that amount. Attorney's fees are allowed to the mortgagee for the sole purpose of reimbursing him for any reasonable sum he has actually paid or agreed to pay for such services and not as an additional means of speculating on the mortgagee's necessities or misfortunes. If there is an attorney, the plaintiff's expense is limited to the amount paid therefor, provided it is reasonable. (*Broadbent v. Brumback,* 2 Idaho, 366, 16 Pac. 555.) It becomes necessary to determine whether the allegations stricken out constitute a defense to the cause of action alleged in the complaint. By his pleading, plaintiff claims title, not by indorsement, but by assignment. He introduced no proof of indorsement. He only claims to be an assignee and not an innocent purchaser, and whatever rights he may have are subject to any defense which would have been good against the original payee at the time of the assignment. (Daniel on Negotiable Instruments, sec. 741; *Lyon, Potter & Co. v. First Nat. Bank,* 85 Fed. 120, 29 C. C. A. 45; *Harrisburg Trust Co. v. Shufeldt,* 87 Fed. 669; *Gaylord v. Nebraska etc. Bank,* 54 Neb. 104, 69 Am. St. Rep. 705, 74 N. W. 415; Randolph on Commercial Paper, 788.) While a thing once proved to exist continues as long as it is usual with things of that nature, this principle has no application to a statement of facts in a pleading. (*Fredericks v. Tracy,* 98 Cal. 658, 33 Pac. 750.) The officers of a corporation can only execute a deed in its name pursuant to resolution of the board of directors. (*Johnson v. Sage,* 4 Idaho, 758, 44 Pac. 641; *Bliss v. Kaweah Canal & Irr. Co.,* 65 Cal. 502, 4 Pac. 507.) The owners of canals and ditches are entitled to reasonable compensation for appropriating and delivering said water. (Syllabus, *Wilterding v. Green,* 4 Idaho, 773, 45 Pac. 134.) The covenant is not a warranty of title or of "quiet enjoyment against encum-

brances." It is that there are no encumbrances—that the prop-
erty is "free from encumbrances." There is a very material
difference between the last and either of the other covenants.
In the case of the former, there must be some interruption of
the possession of the property before there is any breach of the
covenant. All the grantor contracts is that the grantee shall
have the quiet possession of the thing conveyed and so long as
he remains in possession, the contract is not broken. In the
case the covenant is that there are no encumbrances, it is clear
that the breach occurs whenever the deed is given and that no
eviction is necessary. (*Streeper v. Abeln,* 59 Mo. App. 485;
*Anderson v. Knox,* 20 Ala. 156; 8 Am. & Eng. Ency. of Law
2d ed., 122; *Kramer v. Carter,* 136 Mass. 504, (507).) It will
not be disputed that the vendee may pay off the encumbrance
and recoup the sum so paid against the amount due on the pur-
chase price. (*Davis v. Bean,* 114 Mass. 358; *Baker v. Rails-
back,* 4 Ind. 533; *Stilwell v. Chappell,* 30 Ind. 72; *Nesbitt v.
Campbell,* 5 Neb. 429; *Tod v. Gallagher,* 16 Serg. & R. 261, 16
Am. Dec. 571; *Tone v. Wilson,* 81 Ill. 529.) Under these
circumstances, the vendor being insolvent, courts of equity
will restrain the collection of the purchase price by injunction,
where that remedy is sought or, in cases like this, where the
mortgage is sought to be foreclosed, will stay the action until
that duty has been performed. (*Van Riper v. Williams,* 2 N.
J. Eq. 407; *White v. Stretch,* 22 N. J. Eq. 76; *Bank v. Pinner,*
25 N. J. Eq. 495; *Daton v. Dusenburg,* 25 N. J. Eq. 110; *Yonge
v. McCormick,* 6 Fla. 368, 63 Am. Dec. 214; *Jaques v. Esler,*
4 N. J. Eq. 461; *Nesbitt v. Campbell,* 5 Neb. 431; *McLemore v.
Mabson,* 20 Ala. 137; *Arnold v. Curl,* 18 Ind. 339; *Johnson v.
Jones,* 13 Smedes & M. 580; *Foote v. Clark,* 102 Mo. 394, 14
S. W. 981; *Young v. Butler,* 1 Head, 640.) Respondent con-
tends that the action of the court in striking out certain para-
graphs of the answer has not been specified as error in the rec-
ord, although specified in appellant's brief, and therefore can-
not be considered. The supreme court of California has re-
peatedly held that in cases of this character, where evidence is
not to be reviewed, the bill of exceptions need not contain speci-
fications of error. (*Miller v. Wade,* 87 Cal. 410, 25 Pac. 487;

*Shadburne v. Daly,* 76 Cal. 355, 18 Pac. 403.) Appellants
have not appealed from the order striking out part of their an-
swer. That order is not appealable. (Rev. Stats., secs. 4807,
4808; *Gates v. Walker,* 35 Cal. 289.) Where an amended com-
plaint has been filed, the original complaint may be placed in
the transcript as part of the judgment-roll to show action not
barred by statute of limitations. (*Dougall v. Schulenberg,* 101
Cal. 158, 35 Pac. 635.)

T. J. Jones and A. A. Fraser, for Respondent.

The first error complained of in appellants' brief was the
action of the court in striking out paragraphs 6 to 12, inclusive,
of appellants' further answer. On this point we contend; 1.
That the court cannot consider said assignment of error, as the
same is not assigned as error in the record. (*Purdy v. Steel,*
1 Idaho, 216; *Burnett v. Pacheco,* 27 Cal. 408; *Crosett v.
Whelan,* 44 Cal. 200; *People ex rel. Dickinson v. Bainard,* 27
Cal. 470.) 2. The order appealed from is not designated in
the notice of appeal. (*Williams v. Dennison,* 86 Cal. 430, 25
Pac. 244; *Gates v. Walker,* 35 Cal. 289; *Gruell v. Spooner,* 71
Cal. 493, 12 Pac. 511.) 3. The answer being struck out is no
part of the judgment-roll, and as it is not incorporated in the
bill of exceptions the court cannot consider the same. (*Com-
missioners v. Krap,* 90 Ind. 236; *Abbott v. Douglass,* 28 Cal.
299 of the dissenting opinion.) The further answer of the ap-
pellants did not state facts sufficient to constitute a defense to
this action. The note and mortgage sued upon were given on
September 16, 1892, and for a period of over five years the ap-
pellant made no objection to said water right deed, nor did
he offer to reconvey the same or to place the parties *in statu
quo.* (*Caldwell v. Ruddy,* 2 Idaho, 1, 1 Pac. 339; *Bowman
v. Ayers,* 2 Idaho, 465, 21 Pac. 405; *Andola v. Picott,* 5
Idaho, 27, 46 Pac. 928; *Williams v. Mitchell,* 87 Cal. 532, 26
Pac. 632.) In order to rescind a contract, it is a well-estab-
lished rule of equity that a party must do so promptly, or he
will be deemed to have waived it. (*Fratt v. Fiske,* 17 Cal. 380;
*Barfield v. Price,* 40 Cal. 535; *Cobb v. Hatfield,* 46 N. Y. 533.)
And it is too late to offer to reconvey after a suit is commenced.
(*Cowen v. Harrington,* 5 Idaho, 329, 48 Pac. 1060; *Rock*

*Island etc. Co. v. Bank of Horton,* 9 Kan. App. 96, 57 Pac. 1050; *Kinney v. Osbourne,* 14 Cal. 112; *Burton v. Stewart,* 3 Wend, 239.) Delay in rescission is evidence of a waiver of the misconduct of the other party, and is itself deemed an election to treat the contract as valid and binding. (*Higan v. Kyle,* 7 Wash. 595, 35 Pac. 399; *Scheftel v. Hays,* 58 Fed. 457, 7 C. C. A. 308; *Rugan v. Sabin,* 53 Fed. 415, 3 C. C. A. 578; *McLean v. Clapp,* 141 U. S. 429, 12 Sup. Ct. Rep. 29; *Grumes v. Saunders,* 93 U. S. 55; *Hayward v. Bank.* 96 U. S. 611; 2 Warvell on Vendors, 836.) The consideration of an assignment need not be alleged or proven. (*Brumback v. Oldham,* 1 Idaho, 709.)

SULLIVAN, J.—This action was brought to foreclose a mortgage upon six hundred and forty acres of land situated in Canyon county. The defendants Walling and Davis are merely nominal parties. It is alleged in the complaint that the defendant Stoddart, who is the appellant here, executed and delivered to the Boise City and Nampa Irrigation, Land and Lumber Company, a corporation, on the sixteenth day of September, 1892, a certain promissory note for $6,400, with a mortgage securing the same; that on April 19, 1894, said corporation assigned said note and mortgage to one Simmons, who thereafter assigned them to the plaintiff—and prays for a decree of foreclosure, and for $1,000 attorney's fees, and costs. The answer denies both of said assignments, and that either of said assignees were ever holders of, or lawfully in possession of, the said note or mortgage, and denies that any greater sum than $300 is a reasonable attorney's fee. And for a further defense the answer avers a total failure of consideration, in that the note and mortgage were given as the purchase price of a certain water right described in the mortgage, and for no other consideration; that said water right was never conveyed to defendant Stoddart, although he received a certain deed of conveyance purporting to convey said water right to him; that said deed was void because the officers executing it were not authorized to do so, which fact appellant did not learn until March 25, 1899; that the grantor in said pretended deed did not deliver to appellant possession of any property pursuant thereto; and that appellant

has not at any time received thereunder any value, benefit, or advantage whatever. Said answer also avers that said deed, by its terms, did not convey a water right, but was a contract for the delivery of water upon payment of an annual maintenance compensation therefor, and conferred upon the appellant no other privilege or property right; that said deed covenanted that the property conveyed by it was free from all encumbrances, while in truth at the time of the giving thereof there was a valid mortgage, amounting to $200,000, against said water right, which still, remains in full force and effect, of which appellant Stoddart had no knowledge at the time of receiving said deed; that at such time and ever since the property covered by said last-mentioned mortgage was of less value than the amount of the indebtedness secured thereby; that on August 25, 1893, and while the payee (said corporation) in said note and mortgage was still the owner thereof, judgment was recovered against said corporation by Taylor and Satterfield, under which said water right was sold to said Taylor and Satterfield, who thereafter received a sheriff's deed therefor, and on September 15, 1894, went into possession thereof, and that they and their successors ever since have been in possession thereof; that on July 3, 1895, said corporation, by quitclaim deed, conveyed said water right to one R. E. Green, as administrator of the respective estates of said Taylor and Satterfield; and that at all of said times said corporation was insolvent. The answer also avers that said Simmons and the respondent Warren have resided without this state, and that said corporation was at the time of the execution of said note and mortgage, and ever since has been, insolvent, and on August 25, 1893. ceased doing business, and discontinued its organization as a corporation. It is also averred that irreparable injury would result to appellant if respondent recovers a decree of foreclosure. On the motion of respondent's counsel the court struck out all of the affirmative matter set up in the answer. On the trial evidence was introduced as to the respondent's ownership of the note and mortgage, and as to a reasonable attorney's fee. Judgment and decree of foreclosure went in favor of the respondent for $10,600 damages, interest, and costs, and for $1,000 attorney's fees. This appeal is from the judgment.

Several errors are assigned, the chief of which is that the court erred in striking out paragraphs 6 to 12, inclusive, of the answer. It is contended by counsel for respondent that said assigned error cannot be considered, as that error is not assigned in the record. The record shows that paragraphs 6 to 12, inclusive, of the amended answer, were stricken out on motion of respondent's counsel, and that counsel for appellant duly excepted thereto. Said motion, the ruling thereon by the court, and the exceptions of the appellant are embodied in the bill of exceptions contained in the transcript. In appellant's brief the first error specified is as follows: "That the court erred in sustaining plaintiff's motion to strike out paragraphs 6 to 12, inclusive, of defendant Stoddart's answer." Said specification of error is amply sufficient, under paragraph 1, rule 6, of the rules of this court; and said exceptions were duly saved in the bill of exceptions, which bill is properly a part of the judgment-roll, and therefore is properly before this court.

Counsel for respondent cite several cases wherein it is held that a statement on motion for a new trial must specify the particular errors relied on, or it will be disregarded. Those authorities are in accord with subdivision 3, section 4441, of the Revised Statutes, which provides, *inter alia,* that the statement on motion for a new trial shall specify the particular errors upon which the party relies, and, if it does not, such statement shall be disregarded on the hearing of the motion. That provision and the authorities cited do not apply in this case, as no statement on motion for a new trial is involved. Under our statute (sections 4426 to 4433, inclusive, which treat of exceptions and bills of exceptions) there is no requirement that a bill of exceptions shall contain a specification of errors relied on, except when the exception is to the verdict or decision upon the grounds of the insufficiency of the evidence to sustain it, in which case the bill must contain a specification of the particulars in which the evidence is alleged to be insufficient. (See Rev. Stats., sec. 4428.) In no other case is a specification of errors expressly required to be put into a bill of exceptions. It, no doubt, is a good practice to specify the particular errors relied on in a bill of exceptions prepared after trial for the

purpose of use on a motion for a new trial. The principal difference between a statement on motion for a new trial and a bill of exceptions is this: The former must contain a specification of the errors relied on, or it will be disregarded; and the latter need not contain such specification unless the exception is to the verdict or decision upon the ground of the insufficiency of the evidence to justify it. A statement on motion for a new trial should contain a history of the proceedings at the trial, and all the exceptions taken by the moving party, and a specification of all errors relied on. It is generally more full and complete than a bill of exceptions. It has been held in, *Miller v. Wade,* 87 Cal. 410, 25 Pac. 487, and *Shadburne v. Daly,* 76 Cal. 355, 18 Pac. 403, that, when an appeal is taken on a bill of exceptions, errors of law occurring at the trial may be reviewed, although no specifications of particular errors of law relied on are contained in the bill. In the last cited case the court holds that subdivision 3, section 659 of the Code of Civil Procedure, requires a statement of the case to contain specifications of the particular errors relied on, and that is not required in a bill of exceptions. And in *Miller v. Wade, supra,* that case is distinguished. That court has held in a number of cases that a statement and bill of exceptions are the same. For some purposes that is true; but section 4441 of the Revised Statutes, requires every statement on motion for a new trial to contain a specification of the particular errors relied on, and that is not required in a bill of exceptions unless the question of the insufficiency of the evidence is raised by the bill of exceptions.

It is also contended by counsel for respondent that the order striking out said paragraphs of the answer is not designated in the notice of appeal. There is nothing in that contention, as said order was made before judgment, and may be reviewed on an appeal from the judgment. Orders of a court from which the statute makes no specific provision for an appeal may be reviewed on appeal from the judgment or order denying or granting a new trial, and need not be specified in the notice of appeal. (*Gates v. Walker,* 35 Cal. 289.)

It is also contended that the paragraphs of the answer which were stricken out cannot be reviewed on appeal unless they

were saved in a bill of exceptions; that, as said paragraphs were stricken out, they are no part of the pleadings, and for that reason are no part of the judgment-roll. Subdivision 2, section 4456 of the Revised Statutes, provides, *inter alia,* that the pleadings are a part of the judgment-roll. This court, however, has held that when an amended pleading has been filed, and no question is raised as to the original pleading, the latter must not be put in the transcript. Said amended answer, with all its paragraphs, regardless of some of them having been stricken out, was properly a part of the judgment-roll,. and therefore a part of the record on appeal in this case. The question as to whether the action of the trial court in striking out said paragraphs was right is properly before us for decision. (*Abbott v. Douglass,* 28 Cal. 296; *Davis v. Water Co.,* 98 Cal. 417, 33 Pac. 270; *Dougall v. Schulenberg,* 101 Cal. 158, 35 Pac. 635.) The order striking out said paragraphs of the complaint is a nonappealable order, and such orders may be reviewed on appeal from the judgmnet. (*Gates v. Walker,* 35 Cal. 289.) An order striking out a portion of a pleading is deemed excepted to, and, appearing in the record or files, may be reviewed upon appeal as though settled in a bill of exceptions. (Rev. Stats., sec. 4427.)

The court allowed $1,000 attorney's fee, and that is assigned as error. The mortgage provides that in case of foreclosure the court may allow a reasonable attorney's fee therefor, and the complaint alleges that $1,000 is a reasonable fee. To prove said allegation the plaintiff introduced the testimony of two witnesses. After testifying that they were practicing attorneys, they were both asked what would be a reasonable attorney's fee for the foreclosure of said mortgage, and they each replied $1,000. Each of said attorneys also testified that, so far as he knew, the plaintiff had incurred no expense in the matter of attorney's fees. There is no evidence in the record showing that the plaintiff had paid or agreed to pay his attorneys any sum whatever for the foreclosure of said mortgage, or that he was to receive any compensation therefor. It is the established rule in this state that a stipulation in a mortgage for an allowance for attorney's fee in case of foreclosure is valid, but

should be enforced only for a reasonable amount. (*Broadbent v. Brumback,* 2 Idaho, 366, 16 Pac. 555.) In that case it is held, in determining what sum is reasonable, that the court should allow no more than is actually received or contracted for by the attorney for his services, under any circumstances, and must not allow that sum unless it is reasonable. If the plaintiff has paid or contracted with his attorney for an agreed fee, he is entitled to recover that sum, provided it is reasonable. If, however, the amount of the attorney's fee was not agreed upon, that fact must be shown; and the plaintiff would then be entitled to recover the reasonable value of the services rendered, to be fixed by the court on proper testimony. In order to intelligently determine the reasonable value of services, the services performed must be shown. In the case at bar there is no testimony showing the nature, extent, or value of the services performed. And when the witnesses testified that $1,000 was a reasonable fee, so far as the record shows, they had no facts upon which to base their opinion. So far as the record shows, we think that $1,000 was greatly in excess of the value of the services rendered. In *Bank v. Treadwell,* 55 Cal. 379, the court holds that the plaintiff was not entitled to a judgment for attorney's fees, except for such sum as it had paid or had become liable to pay to its attorney. In that case the attorney for the plaintiff was regularly employed by plaintiff, and received for all of his services ten dollars per month, and no more; and it is held that plaintiff was not entitled to judgment for such fee unless the attorney was entitled to receive it himself. We think that the correct rule.

The most important question in the case is whether the court erred in striking out paragraphs 6 to 12, inclusive, of the answer. If those paragraphs constituted a defense to the cause of action alleged in the complaint, then the striking of them out was prejudicial error. The plaintiff alleges title to the promissory note and mortgage sued on by assignment, and not by indorsement. He claims only to be an assignee, and not an innocent purchaser, and his rights are subject to any defense which the maker had against the original payee at the time of the assignment. He stands, in that respect, in the shoes of his

assignor. (1 Daniel on Negotiable Instruments, sec. 741; *Harrisburg Trust Co. v. Shufeldt,* 31 C. C. A. 190, 87 Fed. 669; 2 Randolph on Commercial Paper, sec. 788.) It is alleged in the complaint that the payee in said promissory note assigned and sold said note to one Simmons on the nineteenth day of April, 1894; and it is averred in the tenth paragraph of said answer, which was stricken out by the court, that on or about the twenty-ninth day of August, 1893, said payee corporation wholly ceased doing business and discontinued its organization. That averment only states a conclusion, and is not a sufficient allegation of the dissolution of said corporation. Said paragraphs so stricken out aver a total failure of consideration for said note and mortgage, and also a breach of covenant against encumbrances in the deed, which deed was the consideration given for said promissory note and mortgage. We think said paragraphs pleaded two separate defenses, to wit, (1) a failure of consideration; and (2) a breach of covenant against encumbrances. It is alleged that the deed expressly provided that the grantor "granted, bargained, sold, and conveyed" to the defendant the certain water right described therein, and thereby covenanted that said water right was free from encumbrances, and that prior to the execution and delivery of said deed, to wit, on the seventh day of August, 1890, the said grantor corporation placed a mortgage on said water right, together with other property, to secure certain *bona fide* indebtedness of said corporation, amounting to $200,-000, which indebtedness becomes due June 1, 1900, and that said mortgage is still a valid, subsisting lien against said water right, unsatisfied and unpaid. Section 2935 of the Revised Statutes, provides that, by the use of the word "grant" in any conveyance by which an estate of inheritance is to be passed, certain covenants (naming them) are implied, and among them the covenant, to wit, that the estate so conveyed is at the time of the execution of the conveyance free from encumbrances done, made, or suffered by the grantor, or any person claiming under him. The covenant there expressed is not one of warranty of title, or of quiet enjoyment against encumbrances. It is that the property so conveyed is free from encumbrances—that there

are no encumbrances on it. Counsel for respondent seek to avoid the defense of breach of covenant against encumbrances by a citation of authorities on the rescission of voidable contracts, and among them cite *Price v. Hubbard,* 8 S. Dak. 92, 65 N. W. 436. It is held in that case that covenants of general warranty or for quiet enjoyment are essentially and conclusively prospective, and in the absence of fraud, or anything to overcome the presumption that the vendor of real property is able to respond in damages, a purchaser in possession under a deed with covenants of warranty, who has neither been evicted nor disturbed in his possession or quiet enjoyment, cannot, by showing a mere defect in the title, defeat an action to recover a balance due on the purchase price. That case has no application to the case at bar, this being a defense based on breach of covenant against encumbrances, while that case involved covenants of general warranty and of quiet enjoyment. That authority holds that said last-mentioned covenants cannot be broken without eviction. In cases of breach of covenant against encumbrances, the breach occurs when the deed is given, and no eviction is necessary. (8 Am. & Eng. Ency. of Law, 2d ed., 122; *Anderson v. Knox,* 20 Ala. 156; *Kramer v. Carter,* 136 Mass. 504.) Under the pleadings the appellant may interpose any defense in this action that would have been available against the original payee in said note and mortgage. In such cases the vendee may pay off the encumbrance, and recoup the sum so paid against the amount due on the purchase price. The appellant might have paid off said $200,000 mortgage, but, if the allegations of the pleadings be true, he could not have then set off the sum so paid against the amount due on the purchase price note and mortgage, as that was only the sum of $10,600. It is also averred that the payee corporation is insolvent, and that the reasonable value of the entire property described in said mortgage was less than the amount due on said mortgage. Under those circumstances, the vendee is not required to pay off the encumbrance. Nor would a judgment in an action at law for breach of said covenant of encumbrance, against the insolvent corporation, be an adequate or any remedy for the vendee. He has the right to a clear title

Opinion of the Court, on Rehearing.

before he can be compelled to pay the purchase price. (*Van Riper v. Williams,* 2 N. J. Eq. 407; *White v. Stretch,* 22 N. J. Eq. 76; *Bank v. Pinner,* 25 N. J. Eq. 495; *Arnold v. Curl,* 18 Ind. 339.)

We conclude that the court erred in striking out paragraphs 6 to 12, inclusive, of appellant's amended answer. Appellant should have been given an opportunity to prove the two defenses set up therein, to wit, total failure or want of consideration, and breach of covenant against encumbrances. The judgment is reversed, and the cause remanded for further proceedings in accord with the views herein expressed. Costs of this appeal are awarded to the appellants.

Huston, C. J., and Quarles, J., concur.

PETITION FOR REHEARING.

(January 3, 1900.)

Per CURIAM.—We have examined the petition for a rehearing in this case. It is simply a reargument of the case already presented, and considered and passed upon by the court, and we cannot find therein any grounds for a rehearing. It was not, for the purpose of deciding the case before us, necessary that we should pass upon the question of the allowance of attorney's fees, except for the rule of the statute, that, when a case is remanded to the lower court for further proceedings, we are required to decide all questions of law presented by the record. The decision embodies the law upon that question as we understand it. Rehearing denied.