## BRISBAN AND BRANNAN *against* CAINES.

THIS was an action of *assumpsit* for goods sold and delivered. The defendant pleaded, 1. *Non assumpsit;* 2. That the goods mentioned in the plaintiffs' declaration were law books, and that *Isaac Riley*, at the time, &c. carried on the trade and business of a bookseller, by the plaintiffs, under the firm, &c. but in truth, for the account and profit of *Riley*, and that while *Riley* so carried on the trade, he, by the plaintiffs, under the firm, &c. sold and ultimately beneficially interested in the suit; and that before the commencement of the demand against B. had been *assigned* to D. by C. in the name of A., to satisfy a debt due from C. to A., and that this suit was brought in the name of A., merely to enable D. to obtain payment of such debt; and that at the time of the commencement of the suit, and long before, C. was indebted to him, B., in a larger sum, &c.

It was held, that the plea was bad, in not averring that the debt alleged to be due from C. to B., was contracted prior to the *assignment* to D., for whose benefit the suit was brought.

An action of *assumpsit* for goods sold, &c. brought by A. against B. B. pleaded that the suit, tho' brought in the name of A., was, in truth, brought by C., who was the person really interested in the suit,

and delivered the books to the defendant, &c.; And that *Riley*, before the commencement of the suit, being indebted to *Thomas Fairchild,* by *Brannan,* one of the plaintiffs, as his agent, and as acting attorney of the firm, &c. *assigned* to *Fairchild* his account and demand, through the plaintiffs, under the said firm, against the defendant, in payment of a debt due from *Riley* to *Fairchild;* and that the present suit was brought by *Fairchild,* in the name of the plaintiffs, for the purpose of enabling him to satisfy his demand, or some portion thereof, against *Riley,* who is the person really and ultimately beneficially interested in this suit; and that at the time of the commencement of this suit, *Riley* was indebted to the defendant, in the sum of 1,000 dollars, for work and labour, &c. money lent, money paid, and money had and received, &c. with a *verification.*

The plaintiffs replied that *Riley* did not, by the plaintiffs, under the firm, &c. or otherwise howsoever, sell and deliver to the defendant, the books, being the goods, &c. in their declaration mentioned, in manner and form, &c. and this they prayed might be inquired of by the country, &c.

The defendant *demurred* specially to this replication, because it did not traverse, or confess and avoid the matters alleged in the defendant's second plea; and because the matter so replied by the plaintiffs is matter of evidence, and ought not to be pleaded, and that no material issue could be taken on the plea, &c. The plaintiffs joined in demurrer.

*Caines,* in support of the demurrer. He cited 1 *Term Rep.* 619. 3 *Johns. Rep.* 263. 8 *Johns. Rep.* 152.

*Slosson,* contra.

*Per Curiam.* It will be unnecessary to attend to the replication, for there is one objection fatal to the special plea, and that is, that the defendant does not aver that the debt against *Riley,* which he pleads as a set-off, was contracted prior to the assignment to *Fairchild.* He only says that, ". at the time of the filing of the bill in this suit, and long before," *Riley* was indebted to him; now *non constat,* but that *Riley's* debt was contracted long after the assignment, and if it was, then the demand so assigned ought not to be affected by it. *Fairchild* took from *Riley* the debt of the defendant, subject to all the equity then existing

2

against it, and to the mutual dealings then subsisting. Its force and security were not to be impaired by a subsequent dealing between *Riley* and the defendant. The plaintiffs are, accordingly, entitled to judgment upon the demurrer.

Judgment for the plaintiffs.