Robertson *vs.* Breedlove.

───────────────

ROBERTSON *VS.* BREEDLOVE.

1. One who takes a bill or note after it is due, takes it subject to all objections, in respect of want of consideration, or illegality, and all other objections and equities, affecting the instrument *itself*, and to which it was liable, in the hands of the person from whom he takes it.

2. But this rule applies only to equities, *arising out of the note or bill transaction itself*, and the holder is not subject in respect of a debt, due from the indorser to the maker of a note, arising out of a collateral contract.

Error to the Circuit court of Montgomery,

Assumpsit upon a promissory note against the maker, tried before Judge *Crenshaw*. The action was brought by the plaintiff, as bearer—the note being made payable to Thomas W. Breedlove, or bearer, at two days after date, and dated the thirteenth of August, eighteen hundred and thirty-one. The defendant, under the plea of set off, gave in evidence certain notes drawn by the payee of the note sued on—some of which were dated the seventeenth of February, eighteen hundred and thirty-three, and due the twenty-fifth of December thereaf-

ter. He also offered in evidence, a note of payee, dated the nineteenth of July, eighteen hundred and thirty-one, payable on the second of December, eighteen hundred and thirty-one, for nineteen dollars and fifty cents ; and a note dated the fourteenth of June, eighteen hundred and thirty-one, payable to Pond & Converse, or bearer, due at one day after date, for fifty-two dollars. This last mentioned note was made by the payor of the note sued on, jointly with the payee, as surety. This note was subsequently paid by the defendant, but at what time was not shown. It was in proof that the note upon which the action was brought, went into the possession of the plaintiff after it became due ; but when, did not appear. On this evidence, the plaintiff requested the court to instruct the jury, that if they believed, the note sued on went into plaintiff's hands, before the notes held by the defendant, were made, and before the payment, by him, of the note upon which he was surety, then these notes were not legal off-sets in the hands of the defendant.

The court refused thus to instruct ; and charged, that the defendant was entitled to all demands subsisting in his hands, before notice of the transfer to the plaintiff : the note being transferred after due.

All which was here assigned in error.

*Campbell,* for plaintiff in error.
*Dargan,* contra.


GOLDTHWAITE, J.--This note is payable to bearer, and is not within the influence of the act of eighteen

hundred and twelve—(Aik. Dig. 328, s. 6,)—which al-lows a defendant the benefit of all payments, discounts, and sets-off, made, had, or possessed against other notes, previous to notice of the assignment. Such was the con-struction given to it, in the case of Robinson *vs.* Cren-shaw ; (3 Stewart & Porter, 276,) and the legislature then passed the act of eighteen hundred and thirty-three, (Aik. Dig. 329, s. 18,) which extended the provisions of the first section of the act of eighteen hundred and twelve, to notes payable to bearer.

As the note here sued on, was negotiated to the plain-tiff, after it became due, it of course became subject to all the equities which, by the common law, attached to negotiable instruments, acquired under similar circum-stances ; and it becomes the question, whether off-sets, acquired after the note came to possession of the plain-tiff, but before notice to the defendant, of his right, can be allowed.

The general rule is, that a person who takes a bill or note, after it is due, takes it subject to all objections, in respect of want of consideration or illegality, and all other objections and equities affecting the instrument *it-self*, and to which it was liable in the hands of the per-son from whom he takes it.—(Taylor vs. Mather—3 Term R. 83 ; Brown vs. Davis—3 ib. 80 ; Littledale vs. Brown—7 ib. 630 ; Burrough vs. Moss—10 Barn. & Cress. 558 ; Chitty on Bills, 244.) But this rule applies only to the equities *arising out of the note or bill transaction itself*, and the holder is not subject to a set-off, in respect of a debt due from the indorser to the maker of the note,

Robertson *vs.* Breedlove.

arising out of a collateral contract.—(Burrough vs. Moss; 10 B. & C. 558.)

In the case cited, the action was on a promissory note, negotiated to the plaintiff after it became due ; and the defendant insisted he had a right to set-off against the plaintiff a demand which he held against the payee of the note so negotiated ; but the court decided otherwise, and laid down the qualification of the rule above quoted.

These authorities are decisive to shew, that the Circuit court mistook the law, when it gave the charge, that the defendant had the right to off-set all subsisting demands in his hands against the payee, before notice of the transfer of the note to the plaintiff. For this error, the judgment of the Circuit court is reversed, and the cause remanded.