## PITTS v. SHORTRIDGE'S ADMR'S.

1. A set off due to the maker of a note, by one who has become beneficially interested in it, without the legal title by indorsement, cannot be enforced, so as to defeat the right of a subsequent indorsee to recover on the note.

Writ of error to the Circuit Court of Talladega.

ASSUMPSIT by Eli Shortridge against Pitts, on a note made by him, payable to one Townsend, and by the latter indorsed to Shortridge.

The defendant pleaded—1. Non-assumpsit. 2. Payment.
3. Set off; upon which issue was taken to a jury. 4. That the
note sued on was the property of George D. Shortridge, and
was not the property of the plaintiff. 5. That previous to the
commencement of this suit, the plaintiff had transferred and de-
livered the said note to one George D. Shortridge, and whilst
the same belonged to the said George D. the defendant became
the owner of a note made by him, for the sum of ——, dated
——, payable to Spyker & Cummings, by whom it was in-
dorsed to one Spyker, who indorsed it to the defendant. Which
said note, so indorsed, the defendant offered to set off against
the note set out in the declaration, whilst the same was the
property of, and in the possession of, the said George D.   This
note was past due at the commencement of the suit, and is for
a greater sum than the one sued for.   The plea concludes with
an averment that the note offered to be set off, was valid as
such, and was a payment of the note sued on.   The plaintiff
demurred to these two last pleas, and his demurrer was sus-
tained by the Court.

At the trial, the defendant gave evidence of a conversation
had between Eli Shortridge and the defendant, relative to the
note sued on, in which Shortridge said he had nothing to do
with it; that the note was turned over to his son, George D.
to raise money upon, and the defendant must settle with him.
Also, that during the time the note was in possession of George
D., payment was several times demanded for his benefit, and
by him the note was sent to an attorney for collection; when
it was presented to the defendant, he produced the note offered
to be set off, the same as set out in the plea, and proposed to
discount the one from the other.   The note was offered under
the plea of set off, and rejected.   It was then offered under the
plea of non-assumpsit, to prove that the note sued on was the
property of George D., and not the property of the plaintiff, at
the date of the indorsement of the note, of which it was proved
said George D.'s attorney had notice, and at the date of the
commencement of this suit.   And also, to prove, under the
plea of payment, that whilst the said George D. had the pos-
session, and the presumptive evidence created by such posses-
sion, of the note sued on, the defendant had acquired a demand
against the said George D. which, in effect, was a payment of

the note sued on ; but the Court refused to let the note be read to the jury for any purpose.   The bill of exceptions here states that the defendant excepted, but immediately afterwards proceeds to set out, that a witness certified that the note sued on, was delivered by the elder to the younger Shortridge, to raise money for his use and benefit, but with the understanding and condition, that if the latter failed in raising the money on the note, he was to return it.   There was no evidence that this understanding was communicated to defendant, but there was evidence, on the contrary, which tended to show that this note was presented to the defendant, and its payment demanded in the name of said George D. and as if it was his absolute property.   Afterwards, and before the commencement of this suit, the note was offered to be returned by the younger to the elder Shortridge, when the latter instructed the former to place it in the hands of the present attorneys for collection, for him, the said Eli, and this direction was obeyed.

The transcript does not show any suggestion of the death of Shortridge, upon the record, but in the caption of the judgment entry, Pearson and Shortridge, Jr. are named as his administrators, and judgment is rendered in their names.

The errors assigned are, that the Court erred—

1. In sustaining the demurrer to the pleas.

2. In rendering judgment against the defendant.

W. P. Chilton, Bowdon, and B. F. Porter, for the plaintiff in error, after conceding that the fourth plea could not be sustained, under the decision of Beal v. Snedicor, 8 Porter, 523, and Jennings v. Cummings, 9 Porter, 309, argued—

1. The fifth plea is good within the principle settled in Harbin v. Levi, 6 Ala. Rep. 299 ; Tipton v. Nance, 4 Ib. 194.

2. The note should have been left to the jury, in connection with the evidence, which went to show that the note was the property of the younger Shortridge.   In excluding it, the Court, in effect, decided the question of fact, arising on the other evidence.

3. There is no warrant for rendering judgment in favor of the present parties, for it does not appear how they came so, on the record.

T. D. Clarke and S. F. Rice, contra, cited Kennedy v.

Manship, 1 Ala. Rep. N. S. 43; Stocking v. Toulmin, 3 S. & P. 35, as conclusive of the plea. As to the other question, there is no evidence set out from which it could be inferred that George D. Shortridge had any property in the note, and there-fore, the one as a set off was not admissible for any purpose.

GOLDTHWAITE, J.—The assignments of error do not raise some of the questions to which our attention has been cal-led, by the written arguments submitted, and for this reason our opinion will be confined to the demurrer to the fifth plea—the concession that the fourth one is bad, leaves this the only point in the case.

It is unnecessary now to decide, whether, if the note sued on was, in fact, the property of the younger Shortridge, the set off held by the defendant against him, would be admissible, be-cause the plea does not put the defence on this ground; that merely asserts that the note sued on once belonged to him, or, rather, that he was invested with the beneficial interest in it, by the transfer and delivery of it, by the plaintiff below, with-out denying that the legal interest, at the commencement of the suit, was as stated by the declaration. It, then, merely pre-sents the question, whether an off set, held by the maker of a note, against one who holds the beneficial interest in it, with-out the legal title, can be enforced so as to defeat the right of a subsequent indorsee to recover upon the note.

In Stocking v. Toulmin, 3 S. & P. 35, it was held, that the general statute, which gives assignability to promissory notes, with the restriction that the defendant shall be allowed the bene-fit of all payments, discounts and sets off, made, had, or possessed, against the same, previous to notice of the assignment, in the same manner as if the same had been sued by the payee there-in, did not give the right to set off a debt due from an interme-diate assignee, against a subsequent assignee. To the same effect is Kennedy v. Manship, 1 Ala. Rep. N. S. 43. Those decisions are conclusive of this plea, as here the attempt, is, to have the benefit of a set off against one, who never had the le-gal title to the note, but was merely beneficially interested in the sum to be collected; an interest, too, which ceased before the commencement of the suit. It is not pretended that any right existed, by the common law, to interpose such a set off

as this, but if it was, the judgment in Robertson v. Breedlove, 7 Porter, 541, shows, that even where a note is transferred after its maturity, the holder is chargeable only with the equities arising out of the transaction, for which the note was given, and is not affected by a debt in the nature of a set off.

It will be seen that we have given no consideration to the bill of exceptions; this is for the reason before stated, that it is not opened by the assignments of error.

Our conclusion is, that the demurrer to the plea considered, was properly sustained.   Judgment affirmed.