Kilcrease *vs.* White.—Opinion of Court.

WILLIAM E. KILCREASE, APPELLANT VS. PLEASANT W. WHITE, APPELLEE.

1. The endorsee of an *over-due* promissory note takes it as against the maker, with all the equities arising out of the note transaction itself, but not subject to a set off in respect to a debt due from the endorser to the maker of the note, arising out of collateral matters.

2. This doctrine rests upon the law merchant which forms a part of the common law. The Statute of set off does not apply to it.

Appeal from a judgment of the Circuit Court, for Gadsden County.

*John Erskine,* for Appellant.

*P. W. White,* for Appellee.

DOUGLAS, J., delivered the opinion of the Court.

The appellee in this case sued the appellant in the Gads-

den Circuit Court, in an action of assumpsit on several promissory notes. The *third* count in his declaration (upon which the question presented for our consideration arises,) is as follows, viz : " and whereas also, the defendant heretofore, on the fifth day of November, A. D., 1853, made his certain promissory note in writing, and thereby promised to pay to the said Mary C. Rogers or bearer the sum of five hundred and sixty-eight dollars and sixty-five cents, one day from the date thereof, (which period had elapsed before the commencement of this suit,) with eight per cent. interest thereon until paid for value received, and the said Mary C. Rogers then transferred, assigned and delivered the same to the plaintiff; whereof the defendant then had notice, and then in consideration of the premises, promised to pay the amount of said note to the plaintiff according to the tenor and effect thereof." To which count the defendant put in a plea of set off in the usual form, of certain goods and chattels, &c., &c., alleged to have been sold and delivered by the said defendant to the said Mary C. Rogers after the making of the said promissory note and before the commencement of this suit, and averring that the said promissory note was transferred, assigned and delivered to the plaintiff after it had become due and payable. To this plea the plaintiff demurred. 1st, Because the matters therein pleaded as matters of set off are not shown by said plea to be debts or demands against the plaintiff, but against a third party not a party to the suit. 2nd, Because the said plea does not show that the matters therein pleaded were a part of, or arose out of the transaction for which the said note was given, but that they were shown to be collateral transactions with the payee of said note ; and the said plea is in other respects insuf-

ficient in law. Wherefore, he prays judgment, &c. The defendant joined in demurrer ; the demurrer was sustained, the plea held bad, and a judgment was entered for the plaintiff, from which the defendant appealed to this Court, and we are now called upon to say whether that judgment is right or not. We premise in the out-set, that the question thus presented does not rest upon our Statute of set off, (which is in substance the same as that of the English Statute, so far as regards the set off of mutual debts) but upon the principles of the law merchant ; the Statute does not apply to it. The plea, it will be observed, alleges that the note was transferred, &c., after it became due and payable ; the demurrer admits that fact.

For the appellant, it is insisted that " the authorities are abundant and uniform that where a note is negotiated after it is due, its non-payment is a suspicious circumstance," that it comes to the assignee discredited and dishonored, and that the law is, he takes it wholly on the credit of his assignor and subject to all demands that existed against him at the time of the transfer, and the following authorities are cited in support of this position. 3 T. R., 81 ; 13 East, 497 ; 1 Campbell, 383 ; 5 John., 118 ; 19 Ibid, 342 ; 13 Peters, 66 ; 14 Ibid, 318—321 ; 1 Dennis, 583 ; 6 Hill, N. Y., 337 ; 5 Pick., 312 ; 1 Hill, S. C., 9, 15 ; 4 Mass., 370 —most of which we have examined, some of them have but a remote bearing upon the question, a few of them sustain the position assumed; most of them, however, which treat directly upon the matter of set off, say merely that the assignee of a note transferred after it has become due, takes it subject to all the equities that existed between the original parties to it, without entering into any explanation as to what those equities are. This loose manner of

stating the doctrine respecting the rights of an assignee of an overdue note or bill, has doubtless lead to much of the misapprehension which seems to have prevailed on the subject.

On a review of the authorities, we think the learned counsel for the appellant has laid down the doctrine too broadly, that he is mistaken when he says the authorities are uniform in support of his position, and that the rule is more correctly stated (according to numerous late authorities at least,) by the appellee, viz : that the assignee of an overdue promissory note takes it subject to those equities, and those only which affect the note itself, but not subject to a set off in respect to a debt due from the payee to the maker of the note, arising out of collateral matters. Judge Story in his work on promissory notes, sec. 190, page 200, says: " if the transfer is after the maturity of the note, the holder takes it as a dishonored note , and is affected by all the equities between the original parties, whether he has any notice thereof or not. But when we speak (he says) of equities between the parties, it is not to be understood by this expression that all sorts of equities existing between the parties from other independent transactions between them are intended, but only such equities as attach to the particular note and as between those parties, would be available to control, qualify or extinguish any rights arising thereon, citing Bailey on bills, chap. 5, sec. 3, page 161—162, 5 Ed., 1830, (and see Ed., 1836, page 133,) Burroughs vs Moss,·10 Barn. and Cresw., 563; Story on Bills, sec. 87, n. 3, and Whitehead vs. Walker, 10 Mees. and Welsb., 696; 10 Barn. and Cresw., we have not been able to obtain, but the other authorities cited are fully in doint. In 10 Meeson and Welsby the Court say: " the

case of Burroughs and Moss is good law.   That case decides that the endorsee of an over due promissory note takes it as against the maker, with all the equities arising out of the note transaction itself, but not subject to a set-off in respect of a debt due from the endorser to the maker of the note arising out of collateral matters." In Georgia the same doctrine prevails, see Tinsley vs. Beall, 2 Kelly 136.   The same doctrine is also held in the case of Chandler vs. Drew, 6 New Hamp. Reps., 469.   In this case the Court say : " It is true that there may be cases of hardship upon the defendant without a set-off, but that happens under all general rules.   They occur as rarely under the rule which excludes this set-off as under any other rule; page 475.   If the maker of a note perform services for, or deliver goods to the payee, he has only to see that they are applied to the payment of the note, and he can never suffer; if he suffer by having his own set-off rejected, it is through his own neglect.    In Hughes vs. Large, 2 Barr Penn. R., 103, it was held that the endorsee of an over due note takes it subject to the equities arising out of the note itself and not to set-off generally, and the Court, page 104, say, as the law merchant is a part of the *jus gentium* we receive foreign precedents as controlling authorities when they would not overturn our own decisions; and it was distinctly ruled in Burroughs vs. Moss., 10 B. & C., 558, and Whitehead vs. Walker, 10 Mees. and Welsb., 696, that the endorsee of an over due note takes it liable to equities arising out of the transaction itself, but not to set-off.   "It is somewhat remarkable (say that Court,) that this distinction between equities and cross demands did not occur in England before 1830, though it had been taken three years before in Massachusetts and New York.   It has been rec-

7

ognized by Mr. Justice Story, Law Prom. Notes, sec. 178; "it is a settled principle of commercial law; and though I (Chief Justice Gibbon,) would have decided the point at nisi prius, as it was decided in the Court below, I concur with my brother that it is proper we conform to what is to be the universal rule." Page 105.

In the case of the endorsement of a note under circumstances to leave the endorsee in privity with the endorser, it is now settled in England (says the annotator to 1 Hare's and Wallace's Leading cases, page 194,) and in most cases in this country, that the endorsee is affected only by those defences, that are connected with the note itself, and not by antagonist claims, or sets-off that are wholly independent of the note, citing Burroughs vs. Moss, 10 Barn. and Cresw., 558 ; Whitehead vs. Walker, 10 Mees. and Welsb., 696 ; Hughs vs. Large, 2 Barr., 103 ; Cumberland Bank vs. Haun., 3 Harrison, 223 ; Chandler vs. Drew, 6 New Hampshire, 469; Robertson vs. Breedlone, 7 Porter, 541 ; Tuscumbia, &c., R. R. Co., et al. vs. Rhodes, 8 Alabama, 206—224; Robinson vs. Lymon, 10 Connecticut, 31 ; Steadman vs. Jilson, Ibid, 56 ; and Britton vs. Bishop, et al., Vermont, 70, which fully sustain the position they are adduced to support ; to which may be added the following cases which are also in point : Hudson vs. Kline, 9 Gratten, 380; Schemerhorn vs. Anderson, 2 Barbour's S. C. A., 584 ; Green vs. Darling, 5 Mason, 201 ; and Hunkins vs. Sloup, 2 Carter, 343 ; this last case was decided upon the authority of Burroughs vs. Moss, which appears to be a leading one.

"The rule (says Chitty in his late work on Bills of Exchange, Amer. Ed., 1839, page 245, vide 246, Ed., 1849, page 220,) that a party taking an over due bill, takes it

subject to the equities to which the party delivering the bill to him was subject, *is qualified* and restrained to all equities arising out of the note *or bill transaction itself*, and is not subject to a set-off of a debt due from the endorsee to the maker of the note arising out of collateral matters."

And at note *A*, on the same page, Burroughs vs. Moss, is cited thus, viz: " the judgment of the Court was delivered by Bailey, J., as follows, viz:" "This was an action on a promissory note made by defendant, payable to one Fearn and by him endorsed to the plaintiff after it became due.— For the defendant, it was insisted that he had a right to set-off against the plaintiff's claim or debt due to him from Fearn, who held the note at the time when it became due; on the other hand, it was contended that this right of set-off which rested on the Statute of set-off, did not apply.— The impression of my mind was, that the defendant was entitled to the set-off, but on discussion of the matter with my Lord Tenterden and my learned brothers, I agree with them in thinking that the endorsee of an over due bill or note, is liable to such equities only as attach on the bill or note *itself*, and not to claims arising out of *collateral* matters; the consequence is that the rule for reducing the damages must be discharged. Burroughs vs. Moss, S. C., 8, Law, J., 287."

Now although we are ready to admit that there are some cases the other way, that in a few of the Statutes of the Union the Courts may yet adhere to the doctrine which is so generally exploded, that in one of them the Statute obliges them to do so, yet the weight of the authorities we have cited to sustain our position seems to us irresistible, and leaves to us no alternative but to apply to the question

the doctrine of *stare decisis,* and consequently to sustain the judgment of the Court below.

The view that we have taken of the second question presented for our consideration, renders it unnecessary to say anything in regard to the first.

The judgment of the Circuit Court will be affirmed with costs.

*Per totiam curiam.*