# Bostick *v.* Scruggs' Executors.

*Action on Promissory Note, by Indorsee against Maker.*

*Set-off.* — In an action on a promissory note, by a second indorsee or transferee against the maker, a promissory note made by the plaintiff's immediate indorser and another person, payable to a stranger, is not available to the defendant as a set-off (Rev. Code, § 2642), on proof that it was in his possession at the time the note sued on was transferred to the plaintiff.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. W. J. HARALSON.

RICE, CHILTON, & JONES, for appellant.

PETERS, C. J. — In the circuit court of Jackson county, on March 23, 1867, the appellant, Bostick, as plaintiff, brought suit against James Scruggs as defendant, on a promissory note made by said Scruggs on December 27, 1860, for the sum of $125.00, payable one day after date to the Nashville and Chattanooga Railroad Company. Scruggs died, and the suit was revived in the names of the appellees, as his executors. After said note became due, the said railroad company, on December 16, 1861, transferred the same to one Halsey, who afterwards transferred it to the plaintiff, said Bostick. The defendants in the court below pleaded payment and set-off; and on these pleas the cause was tried by a jury. On the trial, there was a bill of exceptions taken by the plaintiff, said Bostick. From this it appears, that said plaintiff read in evidence to the jury the note sued on, and proved its execution and consideration. The defendants then offered evidence, under their pleas of payment and set-off, tending to show that, on January 1, 1860, one Rice and said Halsey made their promissory note of that date, payable to one Heifner, for the sum of $300.00, which became due one day after date thereof. It was also shown, that there were several payments made on said last named note, which left a balance due thereon of $136.34, on August 12, 1862, and in this connection it was admitted, that the Heifner note was in the possession of defendants' testator in the year 1862; and that Halsey did not transfer the note sued on to Bostick until some time in the year 1865. It was also admitted, that the Heifner note was executed by the makers thereof, at the time the same bears date, in the State of Tennessee. The plaintiff objected to the evidence touching the Heifner note, and to the note itself, as incompetent under the defendants' pleas, and moved the court to exclude the same. This was refused, and the plaintiff excepted. The verdict of the jury was for the plaintiff; and they assessed his damages at $44.00. For this sum and costs, judgment was rendered for Bostick, said plaintiff. From this judgment he appeals to this court, and here assigns for error the refusal of the court below to exclude the Heifner note from the jury, upon his motion to that effect.

This brings up the question, whether the Heifner note was competent evidence under the plea of payment, or of set-off, on the trial in the court below. It was certainly not competent as evidence of payment, except so far as a set-off may be a payment; which I do not stop to discuss. See Phill. Ev. C. & H. ed. note 387, and cases cited in eo loco. Then the material point presented is this : was the note of Heifner, under

[New Orleans, Mobile & Texas Railroad Company v. Castello.]

the facts presented in the record, evidence of a set-off against Bostick ? A set-off is in lieu of a cross action at common law. See 8 Watts, Penn. 39 ; 5 Taunt. 148; 2 Camp. 594. In such a suit, by way of cross action, the defendant must have the right to sue the plaintiff at law, at the time of action brought. When this could not be done, then no cross action could be maintained, nor could a plea of set-off be sustained. *Pitts* v. *Shortridge's Adm'r*, 7 Ala. 494. But our Code has somewhat enlarged the defendant's rights in this respect. Under our statute, offsets are defined to be " mutual debts," and " liquidated or unliquidated demands, not sounding in damages merely, *subsisting* between the parties *at the time* of action brought," " whether the legal title be in the defendant or not." Rev. Code, § 2642 ; *Skipper* v. *Stokes*, 42 Ala. 255, 259. Then, a proper plea of set-off should contain a statement of facts, as near as may be, in the language of the statute. It should show, in substance at least, that the debt or demand sought to be set off was, at the time of suit brought, a debt or demand not sounding in damages merely, *subsisting* between the parties. Rev. Code, §§ 2638, 2642 ; Tillinghast's Forms, p. 478 ; Story's Plead. pp. 218, 219. This has been the construction uniformly put on this statute by our own court. *Stocking* v. *Toulmin*, 3 Stew. & Port. 35 ; *Kennedy* v. *Manship*, 1 Ala. 43 ; *McKenzie* v. *Hunt & Andrews*, 32 Ala. 494. The evidence should tend to prove the facts required to be alleged in the plea ; otherwise it is irrelevant. The Heifner note did not tend to show a payment of the note sued on while it was in Halsey's hands, and it did not tend to show any subsisting debt or demand in favor of the defendants' testator against Bostick at the time of suit brought. It was, therefore, incompetent, and should have been rejected on the plaintiff's motion. In refusing to do this the court below erred.

The judgment of the court below is reversed, and the cause is remanded for a new trial.

BRICKELL, J., not sitting.