HARRISBURG TRUST CO. v. SHUFELDT.

(Circuit Court of Appeals, Ninth Circuit.   May 23, 1898.)

No. 388.

**1. SET-OFF—NEGOTIABLE INSTRUMENTS.**

The right to set-off is wholly statutory, and under 2 Hill's Code Wash. § 806, when a party is sued by the assignee of a chose in action, he cannot plead against the assignee a set-off which he holds against the assignor unless the demand sought to be set off existed at the time of the assignment, and belonged to the party in good faith before notice of such assignment.

**2. NEGOTIABLE INSTRUMENTS—UNINDORSED NOTES—EQUITABLE TITLES.**

The assignee of an unindorsed negotiable note takes only an equitable title, but the note then stands on the same footing as nonnegotiable paper, and he may, under the Washington Code, maintain in his own name an action against the maker.

**3. SAME—SET-OFF—DEFENSES.**

The fact that a note is transferred without indorsement is sufficient to put the transferee upon inquiry as to all equitable defenses that existed at the time of the transfer; but a "set-off" is not a defense, as that term is ordinarily used, whether the title to the note be equitable or legal, and is never pleadable as a defense unless expressly made so by statute.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

Strudwick & Peters, for plaintiff in error.

Hastings & Stedman, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and BELLINGER, District Judge.

GILBERT, Circuit Judge.   The Harrisburg Trust Company brought an action in the circuit court to recover upon a promissory note for $3,000 made on March 31, 1894, by the defendant in error, in favor of the Guarantee Loan & Trust Company, payable on demand, with interest at the rate of 10 per cent. per annum, which note was on July 16, 1894, sold and delivered to the plaintiff in the action.   In his answer to the complaint the defendant in error set forth an affirmative defense, which was, in substance, as follows: That the note was never indorsed by the payee; that it was delivered to the plaintiff, or to one Edward L. Bailey, an officer thereof, together with other negotiable paper, as a pledge to secure the repayment of an advancement made by the said Bailey, individually, or as an officer of the plaintiff; that said note bears no indorsement save a credit of interest and $500 on account of the principal; that on May 23, 1896, there was standing to the credit of the defendant with the said Guarantee Loan & Trust Company the sum of $2,092.80, and on said day the Guarantee Loan & Trust Company certified a certain check, purporting to be drawn by the defendant, payable to the order of the county treasurer, in the sum of $2,085.30, which check was not accepted by the county treasurer, but has remained and is the property of the defendant; that on October 3, 1896, the defendant demanded from the Guarantee Loan & Trust Company the delivery of said note, and tendered in payment thereof the said certi-

fied check, a receipt for a general deposit of $7.50, and the sum of $454.41 in cash, which tender was refused; that the said note was received by the pledgee thereof without the defendant's knowledge or consent, and that the plaintiff acquired no right or title to said note "other than that then and since held by the Guarantee Loan & Trust Company;" that the Guarantee Loan & Trust Company made an assignment on May 25, 1896, for the benefit of its creditors, and that until subsequent to said assignment the defendant had no knowledge that any person other than the payee held the note, and that when the payments were made on account of principal and interest the note was in the possession of the payee thereof.   To this affirmative defense the plaintiff demurred, and its demurrer was overruled, the court holding that the matters set forth in the answer were sufficient in law to constitute a set-off to the action, to the extent of the amount represented by the said certified check.   The question presented upon the writ of error to this court is whether or not the court erred in so ruling.

The right to set-off is wholly statutory, and in this case its existence and its definition must depend upon the provisions of the statutes of the state of Washington.   The Code of Washington (2 Hill's Code, § 806) provides as follows:

"Sec. 806. The defendant in a civil action upon a contract expressed or implied may set off any demand of a like nature against the plaintiff in interest which existed and belonged to him at the time of the commencement of the suit.   And in all such actions, other than upon a negotiable promissory note or bill of exchange negotiated in good faith, and without notice before due, which has been assigned to the plaintiff, he may also set off a demand of a like nature existing against the person to whom he was originally liable, or any assignee prior to the plaintiff of such contract, provided such demand existed at the time of the assignment thereof, and belonging to the defendant in good faith before notice of such assignment, and was such a demand as might have been set off against such person to whom he was originally liable, or such assignee while the contract belonged to him."

This statute is clear and explicit, and requires no interpretation. When a defendant is sued by an assignee of a chose in action, he cannot plead against the assignee a set-off which he holds against the assignor, unless the demand sought to be set off existed at the time of the assignment, and belonged to the defendant in good faith, before notice of such assignment.   A similar statute is found in the state of New York, and it has there been held that the demand which constitutes the set-off must be one which existed against the assignor at the time when he made the assignment.   Martin v. Kunzmuller, 37 N. Y. 396; Faulkner v. Swart, 55 Hun, 261, 8 N. Y. Supp. 239; Brisban v. Caines, 10 Johns. 45.   So far as the record in the present case informs us, the account of the defendant in error as a depositor with the Guarantee Loan & Trust Company did not exist prior to May 23, 1896, which was nearly two years subsequent to the transfer of the note to the plaintiff in error.   By the terms of the statute, therefore, the certified check and the amount represented thereby, upon deposit with the Guarantee Loan & Trust Company, cannot be pleaded as a set-off to the note, unless there are other facts in the case which are sufficient to take it out of the statutory provision.   It is contended by the defendant in error that the fact that

the note was transferred without indorsement renders the statute inapplicable, and that the delivery of the note, in pledge for money borrowed, conveyed to the transferee thereof only an equitable title to the note, and that in an action on such a note delivered after maturity, especially in a case in which the maker of the note had no notice of the transfer, the latter may avail himself of all the equitable defenses which he possesses. There can be no doubt of the correctness of the latter proposition. The pledgee or assignee of a note which has been delivered to him without the indorsement of the payee takes only an equitable title to the note, but as such equitable owner he may undoubtedly, under the Washington Code, maintain in his own name an action against the maker. The note in the hands of such a holder stands upon the same footing as nonnegotiable paper. Simpson v. Hall, 47 Conn. 417. The fact that it is transferred without indorsement is sufficient to put the transferee upon inquiry as to all equitable defenses that existed at the time of the transfer. But a set-off is not a "defense," as that term is ordinarily used (Chandler v. Drew, 6 N. H. 469; Wat. Set-Off, §§ 5, 6), and is never pleadable as a defense unless it is expressly made so by statute. "The rule that a party taking an overdue bill or note takes it subject to the equities to which the transferer is subject does not extend so far as to admit set-offs which might be available against the transferer. A set-off is not an equity, and the general rule stated is qualified and restricted to those equities arising out of the bill or note transaction itself, and the transferee is not subject to a set-off which would be good against the transferer arising out of collateral matter." 2 Daniel, Neg. Inst. 1435a; Chit. Bills (13th Am. Ed.) 251. The set-off in this case is not connected with the note, or with the consideration for the note, or the circumstances under which it was given. It is not a defense to the note or to liability thereunder. It is a separate and independent cause of action, existing in favor of the defendant, which, by virtue of the statute only, is permitted to be set off against the plaintiff's debt for the purpose of adjusting mutual demands and avoiding unnecessary litigation. It follows, therefore, that it is immaterial whether the plaintiff's title to the note was equitable or legal. In either case, the right to plead a set-off against it must depend upon the terms of the statute. The judgment of the circuit court is reversed, and the cause will be remanded for further proceedings not inconsistent with these views.