ORR, Appellant, v. BARNETT et al, Respondents.

(216 N. W. 347.)

(File No. 6017.    Opinion filed November 30, 1927.)

1. **Bills and Notes—Maker Held Not Entitled to Set Off Claim Against Bank Against Transferee of Note Having Knowledge of Payee Bank's Insolvency (Rev. Code 1919, §§ 1756, 2307).**
   Where bank payee while insolvent transferred note to one having knowledge of its insolvency, but otherwise a holder in due course, and on same day closed its doors, held, transferee's knowledge of bank's insolvency did not entitle maker of note to set off against it claim for deposits which he could have asserted against bank except for transfer, in view of Rev. Code 1919, §§ 1756, 2307.

2. **Bills and Notes—Right of Set-off Is Not "Infirmity" or "Defense," Within Statute Defining Holder in Due Course (Rev. Code 1919, § 1756).**
   Right of set-off is not an "infirmity" or "defense," within Rev. Code 1919, § 1756, defining holder in due course.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 337, 8 C. J. Sec. 1063; (2) Key-No. 384, 8 C. J. Sec. 1062.

On right of holder of negotiable paper transferred before ma-
turity to off-set or recoupment, see 24 R. C. L. 820.

For annotations on Rev. Code 1919, Secs. 1756, see 5 U. L. A.,
pg. 211.

Appeal from Circuit Court, Minnehaha County; Hon. John
T. Medin, Judge.

Action by J. E. Orr against E. J. Barnett and another, co-
partners doing business under the name of Barnett Bros. From
a judgment for plaintiff in an unsatisfactory amount, and an order
denying a motion for a new trial, plaintiff appeals. Reversed, with
directions.

*Caldwell, Caldwell & Burns,* of Sioux Falls, for Appellant.
*Muller & Conway,* of Sioux Falls, for Respondents.

BURCH, J.    Plaintiff brings this action as indorsee of a
promissory note to recover thereon. Defendant claimed a right of
set-off against the note. By direction of the court a set-off was
allowed and judgment rendered in favor of plaintiff for the amount
of his claim, less the amount of defendant's set-off. From that
portion of the judgment allowing a set-off and an order denying
a new trial, plaintiff appeals.

[1] The note was for $2,000, dated January 12, 1924, due
July 11, 1924, payable to Sioux Falls Trust & Savings Bank, and
signed "Barnett Bros., by E. J. Barnett." The payee bank trans-
ferred the note to plaintiff January 14, 1924. The bank was insol-
vent when the note was given. On the day it was transferred,
but after the transfer, the bank closed its doors and went into the
hands of the superintendent of banks for liquidation. At that
time defendants had on deposit in said bank, subject to check,
$671.17, which they claim may be set off against the note. The
sole question is the right to the set-off. Instead of setting out the
details of the transaction and the evidence concerning the good
faith of the transfer, we set out an instruction of the court which
shows the theory upon which the case was tried, and upon which
the judgment must be sustained, if sustained. It is as follows:

"You are instructed that, under the law of this state, a cred-
itor of an insolvent bank who has money on deposit in said insol-
vent bank has the right to offset against his indebtedness the
money he has on deposit in said bank. The undisputed evidence in

this case showing that the bank was insolvent at the time the note in suit was transferred to the plaintiff, the plaintiff took said note subject to the right of the defendants to offset against the amount due on the note the amount which they could offset as against the Sioux Falls Trust & Savings Bank, had it retained the note in suit, for the reason that Mr. Marston, the agent of the plaintiff, knowing the insolvency of the bank, his knowledge will be presumed to be the knowledge of the plaintiff, and when the plaintiff took the note knowing that the bank was insolvent, he took it subject to any defense which the defendants might have against the note. The defendants in this case having admitted the execution of the note, and the undisputed evidence showing that the defendants had $671-17 on deposit in said bank at the time the note in suit was transferred to the plaintiff, you will therefore choose one of your number as foreman, and, by direction of the court return a verdict in favor of the plaintiff for the face of the note, less a credit of $671.17, with interest at the rate of 7 per cent per annum from January 12, 1924, to July 11, 1924, and 10 per cent thereafter to this date, or the sum of $1,423.53."

Mr. Marston mentioned in the instruction is a son-in-law of plaintiff and acted in connection with plaintiff in the purchase of the note, whether as agent or a mere adviser is not important as no point is made on that score. The law announced in the instruction may be concisely stated in this language. Where the payer of a note has a right of set-off against the payee because of the payee's insolvency, one who takes the note by indorsement before maturity with knowledge of the payee's insolvency, but otherwise in due course, cannot thereby defeat the payer's right of set-off. If this is the law, the judgment must be sustained; if it is not, the judgment must be reversed.

It is not claimed that plaintiff took the note in bad faith for the purpose of defeating a set-off, or that either party sought by a transfer of the note to defeat a set-off that would otherwise exist. It was taken in exchange for another note of another party, because plaintiff thought the makers of this note were stronger financially, without any thought of a set-off by the makers and without any knowledge that they had a claim against the bank, except what might be inferred from the fact that a customer of a bank would be likely to have a deposit therein. If the instruc-

tion states the law, the value of commercial paper is greatly impaired when given to an insolvent payee, for its negotiability is restricted to those who have no knowledge of his insolvency. An honest insolvent might have to forego the advantages of the use of commercial paper until such time as his property statement would show a balance in his favor. . In the text of Ruling Case Law (24 R. C. L. 820, § 28), it is said:

"The general rule is that commercial paper negotiated for value before maturity is not subject to set-off or recoupment; a different doctrine would essentially check its circulation and embarrass merchantile operations."

We find nothing in the citations of respondent which sustain the law announced by the trial court. Many of those citations refer to evidence of due course transfer, others to the right of set-off against assigned claims; some refer to transfers after maturity, and others to assignments for benefit of creditors—none of which touch the question here involved. In Armstrong v. Warner et al, 49 Ohio St. 376, 31 N. E. 877, 17 L. R. A. 466, cited by respondent, the court holds a right of set-off exists against an assignee of an insolvent, but the text of the opinion says, "This rule does not apply to commercial paper." In the case at bar the bona fides of the negotiation cannot be questioned so far as any vice in the note is concerned. Respondents concede the note is valid in any one's hands. Section 2307, R. C. 1919, provides:

"In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due."

[2] Under section 1756 a due course holder is one who takes a negotiable instrument complete and regular on its face, before maturity in good faith, and for value, without notice of any infirmity in the instrument or defect in the title of the person negotiating it. A right of set-off is not an infirmity in the instrument. A set-off is not a defense to the note. It is merely a right to establish another claim and apply it in payment of the valid note. Harrisburg Trust Co. v. Shufeldt, 31 C. C. A. 190, 87 F. 669.

Plaintiff's object in taking the note was the natural desire to

get a note with a responsible maker. The mere fact that plaintiff knew that the payee was insolvent, standing alone, without other proof of bad faith, is not sufficient to defeat his right to recover as a due course holder.

The judgment and order appealed from are reversed with direction to the trial court to render judgment for the full amount of the note in favor of plaintiff notwithstanding the verdict.

CAMPBELL, P. J., and POLLEY, J., concur.

- SHERWOOD, J., not sitting.